Gregory C. Tollefson, ISB #5643
*gctollefson@stoel.com*
Samia E. McCall, ISB No. 7284
*semccall@stoel.com*
**STOEL RIVES** LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702-5958
Telephone:  (208) 389-9000
Facsimile:  (208) 389-9040

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JAMES H. HORN,<br><br>              Plaintiff,<br><br>   v.<br><br>ST. LUKE'S REGIONAL MEDICAL CENTER, LTD,<br><br>              Defendant. | Case No.<br><br>**AFFIDAVIT OF GREGORY C. TOLLEFSON IN SUPPORT OF NOTICE OF REMOVAL** |

AFFIDAVIT OF GREGORY C. TOLLEFSON IN SUPPORT OF NOTICE OF REMOVAL - 1

I, GREGORY C. TOLLEFSON, state as follows:

1.  I am an attorney with the law firm of Stoel Rives LLP, counsel of record for Defendant St. Luke's Regional Medical Center, Ltd., in the above-entitled action.  The facts stated in this Affidavit are known personally to me, and if called as a witness, I could competently testify to the same.

2.  Attached hereto as Exhibit "A" is a true and correct copy of the state court docket sheet.

3.  Attached hereto as Exhibit "B" is a true and correct copy of the entire state court record on file in this case as of today's date.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this 6th day of July, 2006.

                                              STOEL RIVES LLP


                                              Gregory C. Tollefson
                                              Attorneys for Defendant



SUBSCRIBED TO AND SWORN TO before me this 6th day of July, 2006.


                                              Notary Public for Idaho
                                              Residing at Boise
                                              My commission expires 11/24/2010

AFFIDAVIT OF GREGORY C. TOLLEFSON IN SUPPORT OF NOTICE OF REMOVAL - 2

## CERTIFICATE OF SERVICE

I hereby certify that on July 6th, 2006, I served a copy of the foregoing **AFFIDAVIT OF GREGORY C. TOLLEFSON IN SUPPORT OF NOTICE OF REMOVAL** on non-

CM/ECF Registered Participants as follows:

| | |
|---|---|
| James H. Horn | [ ] Via Facsimile |
| 208 Flume | [ ] Via Electronic Mail |
| Boise, Idaho  83712 | [X] Via U.S. Mail |
| *Pro Se* | [ ] Via Hand Delivery |

Gregory C. Tollefson

AFFIDAVIT OF GREGORY C. TOLLEFSON IN SUPPORT OF NOTICE OF REMOVAL - 3

BOISE-196940.1 0041081-00020





PROCESS SERVERS
A ABLE SERVICE
216 W. STATE STREET
BOISE, IDAHO 83702

208-336-5589

**COPY**

FILED
_____ P.M.

JUN 29 2006

J. DAVID NAVARRO, Clerk
By _____
DEPUTY

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

JAMES H. HORN,                          )
                                        )      CASE NUMBER  CV OC 0607582
                                        )
                                        )
                         PLAINTIFF,     )      AFFIDAVIT OF SERVICE OF:
                                        )
vs.                                     )      ** SUMMONS
                                        )      ** COMPLAINT AND DEMAND FOR
ST. LUKE'S REGIONAL MEDICAL             )          JURY TRIAL
CENTER, LTD.,                           )
                                        )
                                        )
                         DEFENDANT.     )
_____ )

STATE OF IDAHO            )
                          )
County of ADA             )

      I, John Cobley, being first duly sworn, deposes and state:

      That I am over the age of 18 years, and I am not a party to this case nor an employee of a party to this case.

      That on June 23, 2006 at 10:33 a.m., I served true and correct copies of the documents indicated above, on  St. Luke's Regional Medical Center, LTD., by:

    (XX)   Personal delivery to, Carol Wilmes, authorized agent for service of process for
           St. Luke's Regional Medical Center, LTD.,
           at 190 E. Bannock, Boise, Idaho  83712.

                              _____
                              Signature of Process Server
                              John Cobley

Subscribed and sworn to before me this date:  June 26, 2006.

                              Kathy a. @wood
                              Notary Public for Idaho
Fee: $25.00
                              My commission expires: 4/30/08

KATHY A. ATWOOD
NOTARY
PUBLIC
STATE OF IDAHO

**KATHRYN A. STICKLEN**

James H. Horn
208 Flume
Boise, ID 83712
Telephone 343-7538

Pro Se

NO. _____
A.M. _____   APR 2 5 2006   P.M. 4.26

J. DAVID NAVARRO, Clerk
By _____
DEPUTY

### IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

### STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

JAMES H. HORN,

          Plaintiff,

v.

ST. LUKE'S REGIONAL MEDICAL
CENTER, LTD.,

          Defendant.

Case No. **CV OC 06 07582**

**SUMMONS**

NOTICE:    YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF.    THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN TWENTY (20) DAYS.    READ THE INFORMATION BELOW.

TO:    DEFENDANT, ST. LUKE'S REGIONAL MEDICAL CENTER, LTD.

    You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within twenty (20) days after service of this Summons on you.  If you fail to so respond, the court may enter judgment against you as demanded by Plaintiff in the Complaint.

    A copy of the Complaint is served with this Summons.  If you wish to seek the advice or

**SUMMONS - 1**

representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address, and telephone number or the signature, mailing address, and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to Plaintiff, as designated above.

To determine whether you must pay a filing fee with your response, contact the clerk of the above-named court.

DATED this _25_ day of _April_, 2006.

J. David Navarro
CLERK OF THE DISTRICT COURT

BY _____
Deputy Clerk

**SUMMONS - 2**

James H. Horn
208 Flume
Boise, ID 83712
Telephone 343-7538

Pro Se

FILED
A.M. _____ P.M. 4:26

APR 25 2006

J. DAVID NAVARRO, Clerk
By _____
DEPUTY

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| JAMES H. HORN,<br><br>Plaintiff,<br><br>v.<br><br>ST. LUKE'S REGIONAL MEDICAL CENTER, LTD.<br><br>Defendant. | Case No. **CV OC 06 07582**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, James H. Horn, Pro Se complains and alleges against the

above-named Defendant, St. Luke's Regional Medical Center, Ltd. as follows:

I.

## NATURE OF THE ACTION

This is an action pursuant to Idaho Code Section Title 6, Chapter 59, the Idaho Human

Rights Act (hereinafter "The Act") which provides for the execution within the State of Idaho,

the policies embodied in Titles I and III of the Americans With Disabilities Act (hereinafter

"ADA") and Title 42 Section 12101 et seq. of the ADA which prohibits discrimination against a

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

qualified individual with a disability regarding job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. Plaintiff, James Horn (hereinafter "Horn") is covered under such law and St. Luke's Regional Medical Center (hereinafter "St. Luke's") has engaged in actions in violation of The Act and ADA.

II.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to Idaho Code Title 67, Chapter 59 and 42 U.S.C. § 12101.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the Fourth Judicial District of the State of Idaho.

III.

## PARTIES

3.  Plaintiff, Horn is an individual who was employed by Defendant, St. Luke's Regional Medical Center, Ltd. (hereinafter "St. Luke's") at all times relevant hereto in the State of Idaho.

4.  At all relevant times hereto Defendant St. Luke's has been a corporation continuously doing business in the State of Idaho.

IV.

## STATEMENT OF FACTS

5.  Plaintiff worked for St. Luke's since January of 2002 until terminated by St. Luke's on January 10, 2005. In 2003, St. Luke's advised Plaintiff to seek counseling for uncontrollable emotional outbursts. Plaintiff did so, using the benefits of the Employee Assistance Program. Plaintiff was initially diagnosed with Major Depressive Disorder which was disclosed to

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

Defendant on February 5, 2004. Plaintiff's diagnosis was initially suggested by Merrie Asher, M.Ed., LCPC and subsequently confirmed by Plaintiff's physician, Joann Leone, M.D., with Major Depression, Mixed Personality Disorder with Borderline Features and Post Traumatic Stress Disorder. Plaintiff was prescribed two separate medications to help him gain control of his emotional outbursts. Plaintiff had previously had a suggested diagnosis in 1999 of Obsessive Compulsive Disorder by Jack A. Kelley, MSW.

6. Concurrent with counseling and medication and at Plaintiff's written request, assistance on behalf of Defendant was promised by Kathy Hinkle, Clinical Supervisor, for Defendant in writing. Specifically, Ms. Hinkle agreed to assist Plaintiff to resolve work-related concerns between Plaintiff and any employees of Defendant with potential concerns.

7. Defendant failed to comply with The Act and the ADA and abide by the promises and resolution of work related issues to ensure that Plaintiff as an individual with mental disabilities, received the same treatment and respect afforded to all Defendant's employees. Defendant by failing to do so participated in stereotyping Plaintiff's disability in the workplace that The Act and the ADA were enacted to protect.

8. Defendant allowed discriminatory behavior against Plaintiff based on his mental disabilities by:

a. Pervasive, hostile, and abusive behavior against Plaintiff by Defendant's employees, including gossip, inunuendo and written false statements relating to Plaintiff's disability;

b. Discussion by Defendant's management staff regarding Plaintiff's disability in the presence of Plaintiff's coworkers;

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

c. Denial of due process to be afforded to Plaintiff regarding matters caused by and as a result of Plaintiff's disability;

d. Unfounded rumors and speculation encouraged and allowed by Defendant circulated throughout the workplace with no action taken by Defendant to stop such rumors which suggested that Plaintiff, as a former member of the military was a person being treated by the Veteran's Administration for psychological disabilities and was a person with potentially violent tendencies and a threat to Defendant's coworkers. Defendant failed to act on those rumors and speculation by Defendant's employees.

9. Documents were forwarded by Defendant to the Idaho Department of Commerce and Labor stating that Plaintiff's termination had been "with cause" resulting in an initial denial of Plaintiff's lawful unemployment benefits. This decision was later overturned by the Idaho Department of Commerce and Labor stating that Defendant had not proven Plaintiff had been terminated with cause.

10. Plaintiff was denied reinstatement to his position despite documentation that was forwarded to Defendant by Plaintiff detailing allegations of discrimination based on his disability.

## COUNT ONE

## VIOLATION OF THE IDAHO HUMAN RIGHTS ACT

11. Plaintiff alleges each and every allegation recited in paragraphs 1. through 10. and incorporates the same by reference as fully set forth herein.

12. Plaintiff was subjected to unlawful discrimination by Defendant relating to his disability pursuant to Idaho Code § 67-5908(e).

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

13. Plaintiff was a disabled person based on his mental conditions under the ADA. Plaintiff was qualified for his job position and able to perform the essential functions of his job with or without reasonable accommodation and Defendant denied Plaintiff reasonable accommodation and was terminated by Defendant due to his disability.

14. Plaintiff had a mental impairment which substantially limited one or more of Plaintiff's major life activities pursuant to Idaho Code § 67-5908(e) Plaintiff depended amongst other things on medicine to eradicate the effects of his disability which limited a major life activity which Plaintiff would have been unable to perform his work without medication which is a major life activity.

15. Defendant failed to provide a reasonable accommodation for Plaintiff's known disability in violation of the ADA by reassignment to another position or a position in a different department which positions were available or by providing Defendant with modified work schedules and job restructuring. Any such reasonable accommodation would not have imposed a hardship on Defendant. Further, Defendant failed to engage in the informal interactive process with Plaintiff in order to ascertain Plaintiff's need for accommodation as a qualified individual in order to allow Plaintiff to keep working by:

a. Direct communication with Plaintiff;

b. Consideration of Plaintiff's request for accommodation; and

c. Offering a reasonable and effective accommodation for Defendant and Defendant as the employer was responsible for the breakdown of communication with Plaintiff.

16. Plaintiff is protected by The Act and ADA against illegal employer/workplace practices against persons with mental disabilities.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

17. The conduct of the Defendant in violating and encouraging others to commit violations of The Act and ADA, was the direct and proximate cause of financial hardship to Plaintiff that would not have otherwise occurred but for the conduct of the Defendant.

18. Defendant's behavior and actions in this case were willful, malicious and in reckless disregard of Plaintiff's rights.

19. Due to Defendants wrongful termination of Plaintiff's employment, Plaintiff has been damaged including, but not limited to loss of income, bonuses, health, life insurance, retirement and other benefits and has incurred costs and expenses all in excess of the jurisdictional amount to be proven at trial.

20. Due to Defendants wrongful termination of Plaintiff's employment, Plaintiff has been damaged including, but not limited to loss of income, bonuses, health, life insurance, retirement and other benefits and has incurred costs and expenses all in excess of the jurisdictional amount to be proven at trial.

## COUNT TWO

## VIOLATION OF THE ADA BY DEFENDANT

21. Plaintiff alleges each and every allegation recited in paragraphs 1. through 20. and incorporates the same by reference as fully set forth herein.

22. Plaintiff was a disabled person based on his mental conditions under the ADA. Plaintiff was qualified for his job position and able to perform the essential functions of his job with or without reasonable accommodation and Defendant denied Plaintiff reasonable accommodation and was terminated by Defendant due to his disability.

23. Plaintiff had a mental impairment which substantially limited one or more of Plaintiff's major life activities pursuant to 42 U.S.C. § 12-1202(2)(A) Plaintiff depended

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

amongst other things on medicine to eradicate the effects of his disability which limited a major life activity which Plaintiff would have been unable to perform his work without medication which is a major life activity.

24. Defendant failed to provide a reasonable accommodation for Plaintiff's known disability in violation of the ADA by reassignment to another position or a position in a different department which positions were available or by providing Defendant with modified work schedules and job restructuring. Any such reasonable accommodation would not have imposed a hardship on Defendant. Further, Defendant failed to engage in the informal interactive process with Plaintiff in order to ascertain Plaintiff's need for accommodation as a qualified individual in order to allow Plaintiff to keep working by:

        a. Direct communication with Plaintiff;

        b. Consideration of Plaintiff's request for accommodation; and

        c. Offering a reasonable and effective accommodation for Defendant and Defendant as the employer was responsible for the breakdown of communication with Plaintiff.

25. Plaintiff is protected by the ADA as enforced by the EEOC against illegal employer/workplace practices against persons with mental disabilities.

26. The conduct of the Defendant in violating and encouraging others to commit violations of the ADA, was the direct and proximate cause of financial hardship to Plaintiff that would not have otherwise occurred but for the conduct of the Defendant.

27. Defendant's behavior and actions in this case were willful, malicious and in reckless disregard of Plaintiff's rights.

28. Due to Defendants wrongful termination of Plaintiff's employment, Plaintiff has been damaged including, but not limited to loss of income, bonuses, health, life insurance,

**COMPLAINT AND DEMAND FOR JURY TRIAL - 7**

retirement and other benefits and has incurred costs and expenses all in excess of the jurisdictional amount to be proven at trial.

## COUNT III

## RETALIATION AND INTERFERENCE UNDER THE ADA

29. Plaintiff alleges each and every allegation recited in paragraphs 1. through 28. and incorporates the same by reference as fully set forth herein.

30. Plaintiff was involved in working which is an ADA protected activity and suffered termination by Defendant as an adverse employment action of which a causal connection existed between the protected activity and the adverse action.

31. Sections 503(a) and (b) were violated by Defendant due to Defendant's or by the encouragement by Defendant of its employees in the coercion, intimidation threats and interference of Plaintiff's exercise and enjoyment of Plaintiff's employment and other rights resulting in Plaintiff's suffering an adverse employment action.

32. Due to Defendant's wrongful termination of Plaintiff's employment, Plaintiff has been damaged including, but not limited to loss of income, bonuses, health, life insurance, retirement and other benefits and has incurred costs and expenses all in excess of the jurisdictional amount to be proven at trial..

## COUNT IV

## BREACH OF WRITTEN AGREEMENT

33. Plaintiff alleges each and every allegation recited in paragraphs 1. through 32. and incorporates the same by reference as fully set forth herein.

34. Defendant entered into a written agreement regarding the accommodations at Plaintiff's disabilities.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 8**

35. Defendant forwarded negative and false documents to the EEOC that were not previously brought to Plaintiff's attention although requested by Plaintiff and made available by Defendant in order to damage Plaintiff. Defendant falsely claimed an inability to find pertinent documents favorable to Plaintiff's case. Defendant's actions which violated a previous written agreement between the Plaintiff and Defendant regarding the accommodation of Plaintiff's disabilities.

36. Due to Defendants wrongful termination of Plaintiff's employment, Plaintiff has been damaged including, but not limited to loss of income, bonuses, health, life insurance, retirement and other benefits and has incurred costs and expenses all in excess of the jurisdictional amount to be proven at trial.

## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff hereby realleges and incorporates paragraphs 1. through 36. of this Complaint as if set forth in full herein.

38. The conduct of Defendants was extreme and outrageous, malicious and either intentional or reckless causing Plaintiff severe emotional distress.

39. As a result of the extreme emotional distress and mental anguish suffered by Plaintiff he has been damaged.

## COUNT VI

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff hereby realleges and incorporates paragraphs 1. through 39. of this Complaint as if set forth in full herein.

41. Defendants negligently engaged in the conduct complained of, causing Plaintiff to

**COMPLAINT AND DEMAND FOR JURY TRIAL - 9**

suffer extreme emotional distress.

42. The negligent conduct of Defendants was the cause and effect and the proper cause of the severe emotional distress suffered by Plaintiff, as manifested through Plaintiff's mental, emotional and/or physical condition.

43. Plaintiff has been damaged due to the negligence of Defendants and suffered extreme of emotional distress and mental anguish by Defendants.

## DEMAND FOR JURY TRIAL

44. Plaintiff hereby demands a jury of not less than twelve (12) individuals on all claims triable to a jury pursuant to Idaho Rules of Civil Procedure 38(b).

WHEREFORE, Plaintiff prays for relief as follows:

1. Ordering that Defendant cease and desist from unlawful action and a permanent injunction enjoining Defendant, its officers, successors, agents, assigns and all persons in active concert or participation with it from engaging in any employment practices which discriminate against Defendant or other employees.

2. Ordering Defendant to institute and carry out policies, practices, training and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

3. Ordering Defendant to make Plaintiff whole by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

4. Ordering Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices, including past and future out-of-pocket expenses in amounts to be determined at trial.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 10**

5. Ordering Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of, including without limitation emotional pain, suffering and loss of enjoyment of life in amounts to be determined at trial.

6. Ordering Defendant to pay Plaintiff punitive damages pursuant to Idaho Code § 67-5908(e) in the amount of one thousand dollars ($1,000.00) and for its malicious and reckless conduct in such other further amount to be determined at trial.

7. Awarding Plaintiff damages that he has suffered in the amount of five hundred thousand dollars ($500,000.00) if by default or in such amount as determined by the court if no default is taken against Defendant as shall be proven at trial.

8. Ordering the award of punitive damages as expressly authorized by state law. A Pre-Trial Motion for Punitive Damages will be filed pursuant to Idaho Code § 6-6104.

9. Ordering the award of punitive damages under federal ADA law.

10. That the court award Plaintiff reasonable costs and attorney fees incurred in the prosecution of this matter in the amount of five thousand dollars ($5,000.00) be awarded if default is taken against Defendant under this Complaint pursuant to Idaho Code §§ 12-120, 12-121, 12-123, I.R.C.P. 54, Title 42 Section 12205 et. seq. and other applicable state and federal laws and in a greater amount if no default is taken against Defendants as determined by the court;

10. For pre-judgment and post-judgment interest at the statutory rate;

11. Grant such other and further relief as the court deems just and proper as this court deems just and equitable.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 11**

DATED this 25 day of APRIL , 2006.


James H. Horn
Pro Se

**COMPLAINT AND DEMAND FOR JURY TRIAL - 12**